**Raymond W. WEBER, Petitioner,**

v.

**Thomas ISRAEL, Respondent.**

**No. 81–C–1316.**

United States District Court,
E. D. Wisconsin.

April 30, 1982.

Weiss, Steuer, Berzowski, Brady & Donahue by Douglas A. Woodard, Milwaukee, Wis., for petitioner.

Bronson C. LaFollette, Wis. Atty. Gen. by Pamela Magee-Heilprin, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Mr. Weber seeks a writ of habeas corpus. He was convicted on four counts of armed robbery (party to a crime) on June 29, 1978 in the circuit court for Milwaukee County. The Wisconsin court of appeals affirmed the convictions on July 28, 1980. *State v. Weber*, —— Wis.2d ——, 297 N.W.2d 513 (Ct.App., 1980); *see* Return to petition, filed November 5, 1981, exh. G (hereinafter "*Weber*"). Mr. Weber's application for re-

view by the Wisconsin state supreme court was denied.

The petitioner argues that his right to a jury trial was violated because his plea of not guilty by reason of insanity was never presented to the jury. He also contends that identification evidence that was presented at the trial was not reliable because it stemmed from a suggestive lineup. In addition, the petitioner urges that there was insufficient evidence to support the convictions and that the trial court erred in failing to give a cautionary instruction to the jurors on their duty to separate the evidence as to each count.

## I. THE INSANITY PLEA

The state acknowledges that early in the proceedings Mr. Weber "apparently entered a plea of not guilty by reason of insanity." The petitioner claims that this occurred "on or about December 14, 1976." It is clear that thereafter the record does not reflect any discussion of a claim by the petitioner as to any mental disease or defect. Thus, while there was no specific withdrawal of the plea, there was also no objection by Mr. Weber's counsel to the nature of the trial. Mr. Weber urges that this denied him his fourteenth amendment right to due process and his sixth amendment right to a jury trial. The state court of appeals rejected this claim, finding as follows:

"The record clearly reflects that no request for a jury trial on the issue of insanity was made at the trial court level, and no objection was recorded concerning the absence of a jury determination of that issue." *Weber, supra*, p. 11.

In my opinion, the petitioner's failure to pursue his plea of mental disease was properly deemed a waiver. Mr. Weber did nothing to demonstrate a continued interest in that plea during the year and a half which transpired between the time he "apparently" entered the plea and the trial itself. Although represented by counsel during that period, there was no effort made by the defense to persist in the defense of mental disease; no objection was made to the format of the actual trial.

While the question is not wholly free of doubt, I find it highly unlikely that Mr. Weber actually meant to go forward with his claim of mental inadequacy. To grant the writ of habeas corpus in favor of the petitioner upon this ground would be giving excessive significance to a plea that was completely forsaken by the petitioner. As a practical matter, Mr. Weber was indeed afforded a jury trial, and I believe he had due process of law. Accordingly, I reject his contention that his random reference to insanity a year and a half before the trial entitles him to the granting of a writ of habeas corpus.

## II. THE IDENTIFICATION EVIDENCE

Two of the witnesses, Keith Filter and Paulette Dankert, observed the petitioner at a lineup and subsequently gave evidence at the trial. Although their trial testimony on the question of identification was nebulous, the petitioner claims that he was prejudiced by the suggestive lineup on which their ambivalent evidence was based.

■ At the lineup, Mr. Weber and his accomplice wore plaid flannel shirts, while the other three individuals in the lineup were not so clothed. However, none of the victims or the witnesses had ever mentioned anything about plaid shirts being worn by the robbers. The Wisconsin court of appeals disposed of the issue with the following observations:

"Under the factors listed above, it cannot be said that the identification procedure was unnecessarily suggestive. The defendants were shown in the lineup in the same shirts that they were arrested in only one day earlier. The police did not supply those shirts to the defendants; rather, they belonged to Weber and Walensa. The shirts themselves cannot be said to be distinctive because not one witness identified the defendants by the shirts that they wore." *Weber, supra,* p. 7.

I agree with the state court of appeals that there was nothing inappropriate or suggestive in the nature of the clothing worn at the lineup.

I have considered *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and conclude that the petitioner's reliance on that case is misplaced. I think the state court of appeals correctly determined that even applying the "totality of the circumstances," the lineup conducted in Mr. Weber's case was not unduly suggestive. In my opinion, the petitioner was not denied a fair trial by reason of the identification evidence in this case.

## III. INSUFFICIENT EVIDENCE—CAUTIONARY INSTRUCTION

Upon the lengthy record submitted to this court, I find no support whatsoever for the petitioner's claim that there was either an insufficiency of evidence or a constitutional error in connection with a cautionary instruction. Mr. Weber's counsel did not request any cautionary instruction, and I find no reason to believe that the jury was confounded by either the conflicting evidence or the existence of nine separate counts.

Pursuant to the rules discussed in *Jackson v. Virginia,* 443 U.S. 307, 326, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979), a rational trier of fact could reasonably have found Mr. Weber guilty of the four counts in question.

## IV. CONCLUSION

Therefore, IT IS ORDERED that the petitioner's application for a writ of habeas corpus be and hereby is denied.